UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| NATHAN ROBINSON | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO.: 3:21-cv-132 |
| | ) |
| MEAD JOHNSON NUTRITION CO. | ) |
| | ) |
|    Defendant. | ) |

## COMPLAINT AND JURY DEMAND

### I. NATURE OF THE CASE

1. This is an action brought by Plaintiff, Nathan Robinson ("Robinson"), by counsel, against Defendant, Mead Johnson Nutrition Company ("Defendant"), for violating the Age Discrimination in Employment Act ("ADEA"), as amended, 29 U.S.C. § 621 *et. seq;* Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. §12101 *et. seq*; the Family and Medical Leave Act of 1993, ("FMLA"), as amended, 29 U.S.C. §2601 *et. seq*; and *Frampton* claim under Indiana common law.

### II. PARTIES

2. Robinson is a resident of Henderson County, Kentucky.

3. Defendant is a Foreign For-Profit Corporation who is located within and conducts business within the geographical boundaries of the Southern District of Indiana.

### III. JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. § 1331; 28 U.S.C. § 1343; 29 U.S.C. § 626; and 42 U.S.C. §12117.

1

5. Defendant is an "employer" as that term is defined by 29 U.S.C. § 630(b); 42 U.S.C. §12111(5)(A); 29 U.S.C. §2611(4), and

6. Plaintiff, at all times relevant, was an "eligible employee" as that term is defined by 29 U.S.C. §2611(2).

7. Plaintiff was an "employee" as that term is defined by 29 U.S.C § 630(f) and 42 U.S.C. §12111(4).

8. Plaintiff satisfied his obligation to exhaust his administrative remedies having timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission against Defendant alleging Discrimination based on his Age. Robinson received the required Notice of Suit Rights and timely files this action.

9. Robinson's state law claims arise from the same common nucleus of operative facts as his federal law claims and all of his claims form a single case and controversy under Article III of the United States Constitution.

10. A substantial part of the events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Southern District of Indiana; thus, venue is proper in this Court.

## IV. FACTUAL ALLEGATIONS

11. Robinson began working for the Defendant in a temporary role in or about 2000/2001.

12. On September 7, 2004, Robinson was hired by the Defendant as a full-time Aseptic Packaging Operator.

13. Throughout the entirety of his employment tenure, he met or exceeded all legitimate job performance expectations.

14. At the time of the events alleged below, Robinson was 45-years old.

15. On or about July 2, 2020, Robinson was injured while performing his duties. Robinson reported the injury to his supervisor, Brian Behny ("Behny"). Behny told Robinson to report to the Defendant's Nurse, Heather Young ("Young"). Young told Robinson that his injuries did not qualify for worker's compensation benefits. Young then told Robinson to return to work.

16. Wanting a second opinion, on or about July 2, 2020, Robinson sought treatment from the V.A. for his injuries.

17. Due to the injuries he sustained while in the course of his employment, Robinson was placed on work restrictions. Robinson was told that he could return to work full-time on August 1, 2020. However, he was placed on work restrictions, which included a restriction on lifting (20 lbs.) and required tabletop work. Said restrictions were set to be lifted once Robinson underwent an MRI and carpal tunnel testing and completed therapy.

18. Robinson informed Defendant of what the V.A. had said and that he could return to work.

19. Defendant told Robinson that he was not permitted to return to work. Instead, he was told he had to utilize time off until the restrictions were lifted.

20. Robinson was also told that he had to utilize all of his PTO prior to being permitted to utilize leave under both Family Medical Leave Act ("FMLA") and Short-Term Disability ("STD").

21. Robinson was placed on FMLA and then STD even though he was able and willing to work and there were multiple positions available that would accommodate his restrictions.

22. Between July 2020 and December 2020, Robinson utilized his 1-week vacation time, utilized his full FMLA time, and was placed on STD.

23. Robinson was subject to this even though he was qualified and applied to several positions within Mead Johnson that would permit him to continue working even with his restrictions. Said positions included, but are not limited to, the following:

       a. Laboratory Technician, Microbiology (8-28-20);

      b. Aseptic Packaging Operator (9-28-20);
      c. Liquid Receiving Process (9-28-20);
      d. Powerhouse Operator (9-28-20);
      e. QA Release Specialist-Mt. Vernon (applied twice) (10-8-20);
      f. Laboratory Technician, Microbiology (10-12-20);
      g. Line Tech (10-19-20);
      h. R&D VMS Technician (10-20-20);
      i. Nutritional Weigher/Expediter (11-2-20);
      j. Process Operator (11-2-20);
      k. Premix Operator (applied 3-times) (11-13-20);
      l. Aseptic Packaging Operator (11-19-20);
      m. Process Operator (11-19-20);
      n. Production Planner (12-8-20);
      o. Aseptic Technical Operator (12-17-20);
      p. Packaging Relief Operator, Multi-Pak (12-22-20);
      q. Processing Controller (applied twice) (1-4-21);
      r. Powerhouse Operator (1-4-21);
      s. Materials Planner (1-4-21);
      t. Materials Planner (1-4-21);
      u. Laboratory Technician (1-11-21); and
      v. Batch Record Coordinator (1-20-21).

24. When Robinson spoke to Lauretta Tyler, an Aseptic Manager, about his applications he was told that it was Defendant's policy that any employee on a work restriction was not permitted to return to work.

25. Robinson's restrictions were lifted on or about September-November 2020.

26. After his restrictions were lifted, Robinson was told for the first time by human resources that his injuries would qualify for worker's compensation.

27. In or about October 2020, Robinson filed paperwork for worker's compensation after speaking with Todd Vanhaitsma, human resources.

28. Robinson's claim for worker's compensation was denied.

29. Once he was able to return to work, he was also told that he must find a job within 30-days after he was released from his restrictions. or else, he would be terminated

30. Defendant denied each of Robinson's job applications.

31. Robinson was terminated on December 30, 2020.

32. Following his termination, Robinson was replaced with a younger individual.

33. Defendant's reason for termination is pretext for Age and Disability Discrimination.

34. Defendant's reason for termination was in retaliation for exercising his rights under the FMLA.

35. Defendant's reason for termination was in retaliation for exercising his right to file a worker's compensation claim.

36. Robinson has suffered damages as a result of Defendant's actions.

## V. CAUSES OF ACTION

### COUNT I: AGE DISCRIMINATION

37. Plaintiff hereby incorporates paragraphs one (1) through thirty-six (36) of his Complaint.

38. Defendant discriminated against Robinson by subjecting him to disparate treatment on the basis of his age.

39. Robinson's employment was terminated because of his age.

40. Defendant's actions were intentional, willful, and in reckless disregard of Robinson's rights as protected by the Age Discrimination in Employment Act ("ADEA"), as amended, 29 U.S.C. § 621 *et. seq.*

41. Robinson has suffered damages as a result of Defendant's actions.

### COUNT II: DISABILITY DISCRIMINATION

42. Plaintiff hereby incorporates paragraphs one (1) through forty-one (41) of his Complaint.

43. Defendant discriminated against Robinson on the basis of his disability by subjecting him to disparate treatment.

44. Defendant discriminated against Robinson on the basis of his disability by failing to engage in the interactive process in good faith and, as a result, denying him a reasonable accommodation.

45. Defendant's actions were intentional, willful and in reckless disregard of Robinson's legally protected rights as protected by the Americans with Disabilities Act, as amended, 42 U.S.C. §12101 *et. seq.*

46. Robinson has suffered damages as a result of Defendant's actions.

## COUNT III: FMLA INTERFERENCE

47. Plaintiff hereby incorporates paragraphs one (1) through forty-six (46) of his Complaint..

48. Defendant unlawfully interfered with the exercise of Robinson's rights under the FMLA.

49. Pursuant to 29 U.S.C.S. § 2614, Robinson must be returned to his original position or an "equivalent position" in terms of "benefits, pay, and other terms and conditions of employment."

50. Upon his return, Defendant failed to offered Robinson his original position without the same terms and conditions of employment and failed to provide Robinson an equivalent position.

51. Defendant's actions were intentional, willful, and in reckless disregard of Robinson's rights as protected by the FMLA.

52. Robinson has suffered damages as a result of Defendant's actions.

## COUNT IV: FMLA RETALIATION

53. Plaintiff hereby incorporates paragraphs one (1) through fifty-three (53) of his Complaint..

54. Robinson engaged in a protected activity under the FMLA when he requested leave. Defendant retaliated against Robinson for exercising his rights under the FMLA.

55. Defendant's actions were intentional, willful, and in reckless disregard of Robinson's rights as protected by FMLA.

56. Robinson has suffered damages as a result of Defendant's actions.

### COUNT IV: WORKER'S COMPENSATION RETALIATION

57. Plaintiff hereby incorporates paragraphs one (1) through fifty-seven (57) of his Complaint.

58. Defendant retaliated against Robinson for his pursuit of Workers' Compensation Benefits by retaliating and terminating his employment in violation of Indiana law.

59. Defendant's actions were intentional, malicious, and done with reckless disregard for Robinson's legally protected rights.

60. Robinson suffered damages as a result of Defendant's unlawful actions

### VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Nathan Robinson, by counsel, respectfully requests that this Court find for Plaintiff and:

1) Permanently enjoin Defendant from engaging in any employment policy or practice that discriminates against any employee on the basis of his/her age and/or disability;
2) Reinstate Plaintiff to the position, salary, and seniority level he would have enjoyed but for Defendant's unlawful employment actions, or award him front pay in lieu thereof;
3) Order that Plaintiff be awarded any back pay he would have earned, including fringe benefits with related money benefits and interests thereon, absent Defendant's unlawful acts.
4) All wages, benefits, compensation, and other monetary loss suffered as a result of Defendants' unlawful actions;
5) Award Plaintiff compensatory damages for Defendant's violations of the ADA and violations of Indiana law;

6) Award Plaintiff punitive damages for Defendant's violations of the ADA and violations of Indiana law;

7) Award Plaintiff liquidated damages for Defendant's violations of the ADEA and FMLA;

8) Award the Plaintiff his attorney fees, litigation expenses, and costs incurred as a result of this action;

9) Award Plaintiff pre- and post judgement interest on all sums recoverable; and

10) Grant such other relief as may be just and proper.

Respectfully submitted,
BIESECKER DUTKANYCH & MACER, LLC
By: */s/ Taylor Ferguson*_____
Kyle Biesecker, Atty. No. 24095-49
Lauren Berger, Atty No. 29826-19.
Taylor Ferguson, Atty. No. 35524-22
144 North Delaware Street
Indianapolis, Indiana 46204
Telephone: (317) 991-4765
Facsimile: (812) 424-1005
Email: kfb@bdlegal.com
      lberger@bdlegal.com
      Tferguson@bdlegal.com
*Attorneys for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff, Nathan Robinson, by counsel requests a trial by jury on all issues deemed so triable.

Respectfully Submitted,
BIESECKER DUTKANYCH & MACER, LLC
By: */s/ Taylor Ferguson*_____
Kyle Biesecker, Atty. No. 24095-49
Lauren Berger, Atty No. 29826-19.
Taylor Ferguson, Atty. No. 35524-22
144 North Delaware Street
Indianapolis, Indiana 46204
Telephone: (317) 991-4765
Facsimile: (812) 424-1005

Email: kfb@bdlegal.com
lberger@bdlegal.com
Tferguson@bdlegal.com
*Attorneys for Plaintiff*